Judge Buckner,
delivered the opinion of the court. .
The administrator and administratrix of Miller having recovered judgment against Griffith and \V. Gully, on anote, for §400 executed by said Griffith, will) Gully and Shelton, as his sureties, to said Miller, on the 17th of August, 1822, Griffith re-plevied the debt with Cummins, as his surety; and then tiled his bill in chancery against the administrators, &c. .to be relieved, alleging, that he had harrowed at an usurious interest from Miller, in September, 1821, $355 15 cents, in notes of the bank of the Commonwealth, when one dollar and fifty cents of said notes, were worth only one dollar in specie, and had executed a note to Miller for §400, in consideration thereof; payable in land-office money, twelve months thereafter. He further alleges, that the note executed in September, 1821, had been given up, and that the one on which the judgment had been recovered, was executed in lieu of it; payable one day afterdate.
The administrator and administratrix answered, denying that they had any knowledge of the equity relied on; as to the charge that the Commonwealth’s bank-notes hud depreciated in September, 1821, to the extent alleged in the bill; they are silent.
Upon a hearing of the cause, the circuit court dissolved the injunction with damages which Griffith had obtained, and dismissed his bill with costs. To reverse the decree, this writ of error is prosecuted.
The errors assigned question the correctness of the decree, upon the merits of the case. It is also assigned for error, that the circuit court improperly rejected the deposition of Gully.
The defendants in error excepted to the deposition referred to on the ground, that the witness is interested in the event of this suit, he being a surety in ■the bond, on which the judgment enjoined was obtained; and the judgment having been -rendered against him.
There is judgment against the principal anil surety in a bond, the principal re-plevys the debt (the surety not joining in the re-plevin bond,) it seems, the surety is a ' competent witness in a suit in chancery, brought by the principal for relief against the replevin bond.
It seems that a surity against whom a judgment has been obtained, is released by a replevin bond In which he does notjoin, so long as the replevin bond remains in iorce.
What disposition was made: of (be exceptions does not appear from the record, although it is probable, from the decree, that the deposition was rejected; because considering jt as admisible, and viewing it in connexion with the other proof in Ihe ranse, not the slightest doubt could lie entertained that the plaintiff in error was entitled to relief.
We are however strongly inclined to the opinion, that the exceptions should have been overruled. Had the debt remained unreplevied, or had Gully joined in the replevin-bond, it is clear, that he would be an inadmissible witness. But he was but a surety; and although the judgment had been obtained against him, as well as against his principal, the latter with Cummins only had entered into the replevin-bond. By a quashal of that bond, Gully might again become responsible; for the judgment would in such event remain in full force against him.
But so long as the replevin-bond, which is a new judgment, remains in force, Gully cannot be compelled to pay one cent of the original judgment.
In the case of Brooks and Brown vs. Shepherd, reported in IV. Bibb, 572,, which was an action of assumpsit prosecuted by Shepherd; a surety in a second replevin-bond, who had been compelled to pay the amount of it; against Brown his principal and Brooks, a surety in a former replevin-bond for the same debt; the court in speaking of Brooks, says, “the debt was not his; nor does it appear, that he was under any moral obligation to discharge it; and the legal obligation which he had incurred, by becoming security to Brown in the first replevin-bond, was released by the execution of the second replevin-bond in which he was not bound.’’ Now if the execution of a second-replevin-bond releases a surety in the first bond, who does not join in the second; it would seem to follow, that a surety against whom a judgment has been obtained, is released by a replevin-bond, in which he does notjoin, so long as it remains in force.
. But whether the deposition under consideration be rejected or not, we are of opinion, that an attentive -examination of the other proof in the cause which *331 we consider, as unnecessary to recite, will shew, that the contract between Griffith and Miller was usurious, and that the decree rendered by the circuit court is consequently erroneous.
Cunningham and Haggin, for plaintiff.
The sum of three hundred and fifty-five dollars and fifteen cents in Commonwealth’s bank notes, it seems, was the amount advanced by Miller to Giiffith, in September 1821, which was the consideration on which the note was executed; on which the judgment was recovered.
The specie value of the notes, at the time they were advanced, should be ascertained; and for that 6um with interest, Griffith is justly responsible.
The decree of the circuit court must he reversed, and the cause remanded, with directions for further proceedings to be had; that a decree may be entered in pursuance of this opinion.